UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE JEAN, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>                              Plaintiff,<br><br>                -against-<br><br>BHRAGS HOME CARE, CORP.,<br><br>                              Defendant. | **COMPLAINT**<br><br>Docket No.: 19-cv-05617<br><br>Jury Trial Demanded |

MARIE JEAN, on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against BHRAGS HOME CARE, CORP. ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendant - - a Brooklyn-based home health care staffing agency - - as a home health aide from February 1990 to the present. As described below, throughout her employment, but as is relevant herein, for at least the period commencing on

1

January 1, 2015 through the present ("the Relevant Period"), Defendant has willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, for the Relevant Period, Defendant has required Plaintiff to routinely work more than forty hours in a workweek, but has failed to compensate her at the statutorily-required overtime rate of one and one-half times her regular rate of pay for any hours that she has worked each week in excess of forty. Instead, Defendant has paid Plaintiff at her straight-time rate of pay for all hours worked each week, including those in excess of forty.

3. Additionally, throughout the Relevant Period, Defendant has failed to provide Plaintiff with accurate wage statements on each payday as the NYLL requires.

4. Defendant has paid and treated all of its home health aides in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the Relevant Period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all times during the Relevant Period, Plaintiff has worked for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all times during the Relevant Period, Defendant was and is a New York corporation, with its principal place of business located at 9805 Foster Avenue, Brooklyn, New York 11236.

11. At all times during the Relevant Period, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally during all relevant times, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it interacts with and receives payments from out-of-state insurance carriers, as well as from federal government health programs such as Medicaid, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12.  Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former home health aides, who during the applicable FLSA limitations period, performed any work for Defendant, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

13.  Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14.  At all times during the applicable FLSA limitations period, Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

15.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in willful violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly-situated who, during the Relevant Period, Defendant subjected to violations of the NYLL and the NYCRR.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former home health aides who, from January 1, 2015 through the present, performed any work for Defendant, within the State of New York ("Rule 23 Plaintiffs").

### Numerosity

19. During the Relevant Period, Defendant has employed at least forty employees who are putative members of this class.

### Common Questions of Law and/or Fact

20. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and requires Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Defendant paid and pays Rule 23 Plaintiffs overtime wages at the rate of one and one-half times their

respective regular rates of pay for all hours worked over forty in a week; (4) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with wage statements on each payday that accurately contain the information required by NYLL § 195(3); (5) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (6) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (7) if so, what constitutes the proper measure of damages.

21.     As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant in New York, and Defendant did and does not pay them overtime wages for all hours that they work over forty each week, nor did and does Defendant furnish them with proper wage statements when the law requires.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their earned overtime wages and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and the NYCRR.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

22.     Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout the Relevant Period with Defendant.  Defendant regularly failed and fails to pay Plaintiff overtime wages at the rate of time and one-half her respective regular rate of pay for hours worked over forty each week and did and does not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendant paid and treated and pays and treats the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

23.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

24.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant has treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by any home health aide of Defendant would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

26.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

27.     Defendant is a New York corporation that runs a home healthcare staffing agency based in Brooklyn, which provides in-home health care services to its clients, including personal

grooming, meal and errands preparation, house cleaning, general housekeeping, and other in-home services.

28. In or around February 1990, Plaintiff commenced her employment with Defendant as a home health aide.

29. Plaintiff remains employed with Defendant in that role as of the date of filing of this Complaint.

30. Throughout Plaintiff's employment, Defendant required her to work in the homes of various families in Brooklyn, New York, providing care primarily to disabled individuals.

31. Specifically, Plaintiff's primary duties as a home health aide have consisted of providing services for elderly patients requiring personal assistance, such as preparing meals, feeding, grooming, bathing, accompanying patients to doctor's appointments, doing laundry, and running other errands for patients.

32. For the Relevant Period, Defendant has required Plaintiff to work, and Plaintiff has in fact worked, forty-eight hours each week. Specifically, Defendant has required Plaintiff to work Monday, Tuesday, Wednesday, and Sunday each week, in shifts from 8:00 a.m. to 8:00 p.m. on each of those days, without any scheduled or uninterrupted breaks.

33. For each workweek that Plaintiff worked during the Relevant Period, Defendant has paid Plaintiff at the rate of $15.00 per hour for all hours worked.

34. Throughout the Relevant Period, Defendant has failed to pay Plaintiff at the rate of time and one-half her regular rate for any hours that Plaintiff has worked over forty in a workweek.

35. By way of example only, during the workweek of April 21 through April 27, 2019, Defendant required Plaintiff to work, and Plaintiff did work, forty-eight hours through four twelve-hour shifts, from 8:00 a.m. to 8:00 p.m. on Monday, Tuesday, Wednesday, and Sunday of that

week. For these forty-eight hours, Defendant paid Plaintiff $15.00 per hour, including for the eight hours that she worked over forty.

36. Defendant has paid Plaintiff on a weekly basis.

37. On each occasion when Defendant has paid Plaintiff during the Relevant Period, Defendant has failed to provide Plaintiff with a wage statement that accurately lists, *inter alia*, her overtime rate of pay for all hours worked over forty in a week.

38. Defendant has treated and paid Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

39. Defendant has acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

40. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

41. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

43. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

9

45. Defendant willfully violated the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCRR*

48. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

51. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into-this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

61. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

62. As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA-Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

63. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

64. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

65. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

      g.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

      h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

      k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       October 3, 2019

                                  Respectfully submitted,

                                  BORRELLI & ASSOCIATES, P.L.L.C.
                                  *Attorneys for Plaintiff*
                                  655 Third Avenue, Suite 1821
                                  New York, New York 10017
                                  Tel.: (212) 279-5000
                                  Fax: (212) 679-5005

                  By:     _____
                                  JEFFREY R. MAGUIRE (JM 4821)
                                  ALEXANDER T. COLEMAN (AC 8151)
                                  MICHAEL J. BORRELLI (MB 8533)